LE SUEUR, Judge.
Singer Lumber Company, Inc. has appealed a judgment in its favor against Ellis Jay Pailet in the amount of $2,807.94, together with legal interest from date of judicial demand and costs, seeking an increase to $10,601.45, plus interest and an attorney’s fee.
In September, 1965, defendant requested that plaintiff extend credit to Galaxy Homes, Inc. (“Galaxy”), one of defendant’s corporate interests. Plaintiff had *578 previously denied Galaxy credit and to induce plaintiff to extend credit, defendant, an attorney and friend of plaintiff’s president, gave plaintiff a written guarantee dated September 27, 1965. This guarantee was to be in effect for six months from date and guaranteed payment of all bills for merchandise sold to Galaxy, provided a purchase order number was attached or defendant was personally contacted for a purchase order number. The account was opended on Singer’s normal credit terms, i. e., monthly statements were sent and a 2% trade discount was allowed for payments within 10 days of billing. The total statement amount was due within 30 days of billing, with 6% interest and 10% attorney’s fee for all amounts not paid within 60 days.
Payments were made satisfactorily and commercial relations between plaintiff and Galaxy continued without interruption until the expiration of defendant’s initial guarantee. Satisfactory payments continued through May, 1966, but Galaxy did not finally pay for material purchased through May, 1966, until July 19, 1966, at which time June and July purchases totalled more than $16,000.00. Plaintiff became con- ■ cerned about the substantial balance and the irregularity of payment and its credit manager contacted defendant about reinstating his guarantee. The credit manager testified that he asked for and defendant agreed to send a guarantee for the outstanding balance, as well as future purchases, although defendant did not acknowledge his conversation being such as to give that impression.
In response to plaintiff’s request for a guarantee, defendant sent plaintiff the following guarantee on August 9,1966:
“As per our conversation of the other day, I am guaranteeing the purchases of the captioned party (Galaxy Homes, Inc.) to December 31,1966.”
Plaintiff’s credit manager felt that this guarantee was vague and not what defendant had agreed to send. He telephoned defendant, who assured him that the “word ‘guarantee’ on a lawyer’s stationery would be construed, by the court if necessary, in its broadest sense”.
Subsequently, the account remained open through November, 1966, and monthly statements were sent. After the guarantee of August 9, 1966, Galaxy made payments on account, some allegedly designated for specific invoices or accounts while others were not so designated. If no designation as to payment was made, plaintiff followed its practice of applying the payment to the oldest outstanding invoices, which practice had previously not been questioned by Galaxy or defendant. Defendant acknowledged that plaintiff had given credit for all payments made and merchandise received and did not question the accuracy of the account. Defendant did question the source of designations to specific invoices or accounts that plaintiff claimed to have received and demanded that all payments received after August 9th be applied first to purchases after August 9th, denying any liability for any purchases made after his initial guarantee expired and before his subsequent guarantee was issued on August 9, 1966.
The trial court found that the guarantee of August 9, 1966, as written, did not conform to the various discussions and agreements between the parties but would not allow the introduction of parol evidence to prove a promise to pay the debt of a third person. The trial judge then calculated the purchases made by Galaxy since August 9, 1966 and applied the payments made since the same date, exclusive of designated payments, and arrived at the amount of $2,807.94, which he awarded to plaintiff, plus interest and costs. As stated before, plaintiff has appealed asking an increase to $10,601.45, plus interest and attorney’s fee.
Plaintiff on appeal raises two specifications of error in the trial court’s judgment: (1) That defendant’s guarantee was not to cover the entire account as op *579 posed to purchases after August 9, 1966, exclusively; and (2), that payments should not have been applied to purchases made after August 9th unless so designated.
From the record, it is clear that plaintiff was not satisfied with the guarantee of August 9, 1966, because it did not contain the guarantee that plaintiff sought and which it thought it was to receive based on the telephone conversations between plaintiff’s credit manager and defendant. Plaintiff’s credit manager testified that as soon as he read the August 9th guarantee he knew that it was not the guarantee he wanted, since he wanted one which would specifically guarantee the outstanding balance for merchandise already sold in addition to guaranteeing future purchases. “As per our conversation of the other day, I am guaranteeing the purchases of the captioned party to December 31, 1966”, is vague on its face as to effective date of beginning and is dependent upon an explanation of the “conversation of the other day” to give it any effect as to terms. Although we find vagueness present that normally would require explanation, plaintiff was never misled as to the meaning of the written instrument which was that defendant was only guaranteeing payment of purchases subsequent to August 9th. Therefore, there was no vagueness in the guarantee in the mind of plaintiff’s credit manager and no parol evidence was necessary to explain the clear intent of the guarantee as between the parties.
Plaintiff attempted to introduce testimony to prove that defendant had agreed to pay all debts of Galaxy including the outstanding balance prior to August 9, 1966. Under LSA-C.C. Art. 2278 parol evidence is not admissible to prove the promise to pay the debt of a third party. For this reason, we will not consider any testimony concerning defendant’s statements that have not been reduced to writing concerning his promise to guarantee payments for Galaxy’s outstanding balance.
Because of our decision that defendant is only the guarantor of payments for purchases August 9th through December 31st, 1966, we must now determine the amount of credit allowed on these purchases from the total payments made on the account during that period.
From the record plaintiff’s method of designation and the reason for each is not clear. The testimony concerned the “normal” method of designation, a note on the check or attached to' the check which indicated which invoices were to be credited. If no such information was sent by Galaxy, plaintiff applied the payment to the oldest invoices, crediting the oldest until paid, then crediting the next oldest in turn, until the total amount of payment was credited. Plaintiff could not definitely state how each payment received between August 9th and December 31st, 1966, was credited, except that Galaxy must have so designated otherwise plaintiff would have credited them differently. Defendant’s defense to plaintiff’s method of designation was based on plaintiff’s inability to produce any written instructions and, in the absence of such proof, defendant contended that all payments should have been credited first to purchases made after August 9th.
Beside the question of proof of designation instructions, the court is faced with the problem of application of credits allowed for returned merchandise. Between November 30th and December 31st, 1966, approximately $1,300.00 worth of material was returned with no evidence in the record as to the date of purchase of the returned merchandise. The crediting of all or part of this amount to invoices dated August 9th-December 31st would certainly affect the amount owed plaintiff by defendant.
The trial judge gave a judgment in the amount of $2,807.94, computing payments made after August 9th first to purchases made after August 9th. This court is unable to determine how this figure was *580 reached based on the record available and an explanation is not found in the reasons for judgment.
For the foregoing reasons, the judgment holding defendant liable as guarantor for the purchases of Galaxy Homes, Inc. between August 9th and December 31st, 1966, is affirmed. The judgment in favor of Singer Lumber Company, Inc., plaintiff, in the amount of $2,807.94 is set aside and the case is remanded for further evidence by way of proof of the designations of payments received by plaintiff and their application to specific invoices. Evidence as to date of purchase invoice, date of payment or credit to that invoice and manner of designation by Galaxy for that payment or credit to be so credited, and current balance of the invoice is needed, to show the current balances for all invoices for purchases between August 9th and December 31st, 1966, in order that a correct judgment may be rendered. Costs of this appeal to await final disposition of the case.
Affirmed in part; reversed in part; and remanded.